IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B., by and through his mother, H.S., | No. C 12-06358 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SAN JOSE UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

On April 19, 2013, the Court heard argument on defendant San Jose Unified School District's motion to dismiss plaintiff's complaint. For the reasons set forth below, the Court DENIES the motion to dismiss.

**BACKGROUND**

This case arises from actions by plaintiff's mother to ensure that he would not be deprived of the free appropriate public education ("FAPE") guaranteed by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*

According to the complaint, plaintiff ("the Student") was a student at Bret Harte Middle School in the San Jose Unified School District ("the District"). Compl. ¶¶ 4, 6. Beginning in May 2005, the Student was known to the District as a student with disabilities covered under the IDEA, and was eligible for special education services. *Id.* ¶ 11. However, in May 2011, the District conducted a series of assessments to determine if the Student was no longer eligible for special education under the IDEA. *Id.* ¶ 12. On May 25, 2011, an Individualized Education Program ("IEP") determined that special education services should cease based on the reports from the assessments. *Id.*

The Student requested another IEP in September 2011, but the District, relying on the May assessments, continued to deny special education services to him. *Id.* ¶ 12. On November 7, 2011, the Student's mother requested an independent educational evaluation ("IEE") at public expense. *Id.* ¶ 13. The District rejected this request and, on December 16, 2011, the District filed for a due process hearing pursuant to 34 C.F.R. § 300.502(b)(2)(i). *Id.* ¶ 14. The due process complaint contained two issues: 1) whether the Student continued to be eligible for special education services under the IDEA; and 2) whether the District should be required to fund an IEE.

The Student's mother paid for an IEE of the Student. She also retained legal counsel to defend against the due process suit. *Id.* On June 13, 2012, the IEP committee met and reviewed an IEE report that the Student's mother had privately funded, which found that the Student had severe ADHD and Depression. *Id.* ¶ 16. The District found that the Student was eligible for special education. *Id.*

On June 19, 2012, the District filed a "Withdrawal of Issue #1" in its due process complaint, withdrawing the issue of whether the Student was eligible for special education. *Id.* ¶ 17. However, the District continued to assert that it rightfully denied the request for an IEE, and the parties prepared for a hearing on that issue. *Id.* ¶¶ 17, 19. On July 12, 2012, four days before the hearing was scheduled to begin, the District agreed to reimburse the Student's mother for the IEE. *Id.* ¶ 20. The next day, the District withdrew its due process complaint. *Id.* ¶ 21. On August 16, 2012, the Administrative Law Judge dismissed the case, citing the "District's withdrawal" as the reason for the dismissal. Def.'s Req. for Judicial Notice, Ex. C.

The Student brought this action seeking attorneys' fees incurred in defense of the District's due process action. The District moved to dismiss the complaint, arguing that the Student is not the prevailing party and therefore not entitled to attorneys' fees.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff

1  to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."
2  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although courts do not require "heightened fact pleading
3  of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and
4  a formulaic recitation of the elements of a cause of action will not do," *id.* at 555.  The plaintiff must
5  allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

6  In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's
7  allegations are true and must draw all reasonable inferences in his or her favor.  *Usher v. City of Los*
8  *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true
9  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
10 *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Moreover, "the tenet that a court
11 must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."
12 *Iqbal*, 556 U.S. at 678.  In considering a motion to dismiss, the court may take judicial notice of matters
13 of public record outside the pleadings.  *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th
14 Cir. 1986).

**DISCUSSION**

17 Under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of
18 the costs . . . to a *prevailing party* who is the parent of a child with a disability."  20 U.S.C.
19 § 1415(i)(3)(B)(i)(I) (emphasis added).  A prevailing party is one who "'succeed[s] on any significant
20 issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Parents*
21 *of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir.1994) (quoting *Hensley v.*
22 *Eckerhart*, 461 U.S. 424, 433 (1983)).  Such success results in a "material alteration of the legal
23 relationship of the parties," and there "must be a causal link between the litigation brought and the
24 outcome gained." *Id.* (citations and quotations omitted).  If a party fails to secure a judgment on the
25 merits or a court-ordered consent decree, but nonetheless achieves the desired result through a voluntary
26 change, it cannot be considered the prevailing party.  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia*
27 *Dept. of Health & Human Res.*, 532 U.S. 598, 600 (2001).  Additionally, a party will not be considered

the prevailing party if the success is "purely technical or *de minimis*." *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 792 (1989).

The District argues that there has been no judicially sanctioned change in the parties' relationship. The District withdrew its complaint without prejudice, the parties did not contract to any settlement agreement, and the dismissal was based on the withdrawal, not on the merits of the case. Relying on *Buckhannon*, the District argues that because the Student did not "receive[] a judgment on the merits, or obtain[] a court-ordered consent decree," he therefore cannot be the prevailing party. 532 U.S. at 600. In 2008, the Ninth Circuit applied *Buckhannon* to deny IDEA prevailing party fees to a defendant school district, after the parent's case was dismissed without prejudice.[1] The court found that the dismissal without prejudice "does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing," and therefore the school district was not the prevailing party. *Oscar v. Alaska Dept. of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008).

This case is unique in its procedural posture. Typically, the plaintiff in a case desires action or compensation from the defendant. However, in this IDEA case the roles became reversed. The District became the plaintiff when it filed the due process complaint against the Student, even though it was the Student who desired the IEE from the District. Once the due process action was initiated, the Student's parents understandably retained counsel. After a year and a half of litigation, the Student received everything he desired when he was reimbursed completely for the IEE and he was placed back into special education. No consent decree was needed, because the District had the power both to grant the Student's IEE payment *and* to withdraw its complaint – i.e., the District had control over both the complaint and the remedy. A consent decree would have been necessary only if the Student had filed a cross-complaint to the District's due process filing, which the Student had no need to do under these

---

[1] IDEA sets out different standards for the award of prevailing party fees to parents and to school districts. Parents may recover reasonable fees when they prevail. 20 U.S.C. § 1415(i)(3)(B)(i)(I). State or local educational agencies may recover such fees only where the parent's action was "frivolous, unreasonable, or without foundation." 20 U.S.C.§ 1415(i)(3)(B)(i)(II).

circumstances.[2] The Student did, however, have need of legal counsel: to defend himself against a due process complaint filed by the District, a Student, and his parents, will essentially be forced to hire legal counsel. Thus, the procedural posture of this case makes it unique when determining which party is the "prevailing party," and creates special concerns.

This case is distinguishable from cases like *Oscar*, where the Ninth Circuit held that a dismissal without prejudice is insufficient to establish prevailing party status, since the dismissed claim in *Oscar* could be – indeed, had been – refiled. Here, the Student argues that the District would be precluded from refiling its case, on timeliness grounds, even though the dismissal was technically without prejudice. In *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003), the Ninth Circuit held that defendant was a prevailing party when plaintiff's federal ADA action was dismissed without prejudice to refiling a state claim: the dismissal eliminated plaintiff's right to further proceedings in federal court. The court in *Oscar* specifically distinguished *Miles*, because in *Miles* the dismissal without prejudice "changed the legal relationship of Miles with respect to the [defendant]," because he could not refile his case in federal court. *Oscar*, 541 F.3d at 982 (9th Cir. 2008). Thus, if a dismissal without prejudice nevertheless precludes refiling a complaint, it alters the legal relationship of the parties; this "material alteration of the legal relationship of the parties" may be sufficient to find that one party is the prevailing party. *Miles*, 320 F.3d at 989 (quoting *Buckhannon*, 532 U.S. at 603).

The Student argues that, as in *Miles*, the District will be precluded from refiling its case because of the procedural requirements of the IDEA. Under the IDEA, a school district must file a due process complaint affirming its denial of the IEE "without unnecessary delay." 34 C.F.R § 300.502(b)(2). Initially, the District filed its due process complaint within two weeks of receiving the Student's IEE request; however, more than seven months had passed by the time that the District withdrew the complaint. The Student argues that seven months is longer than courts have allowed for a school district to file a due process complaint after receiving an IEE request. *See, e.g.*, *M.M. v. Lafayette Sch. Dist.*, CV 09-4624, 2012 WL 3257662 (N.D. Cal. Aug. 8, 2012) (waiting 74 days before filing the due process

---

[2] A rule allowing successful parents to be reimbursed for attorneys fees only if they filed affirmative cross-complaints in a District's due process proceeding would unnecessarily complicate what was meant to be a steamlined process, and would add needless expense.

complaint was unnecessary delay); *J.P. ex rel., E.P. v. Ripon Unified Sch. Dist.*, 207CV02084MCEDAD, 2009 WL 1034993 (E.D. Cal. Apr. 15, 2009) (finding that two months was not unnecessary delay only because the parties had reached an impasse in their IEE negotiations less than three weeks before the due process complaint was filed); *Pajaro Valley Unified Sch. Dist. v. J.S.*, 2006 WL 3734289, *3 (N.D. Cal. 2006) (finding that the school district's delay of three months before filing for due process to contest the IEE was unnecessary delay).

The District did not address this argument in its briefs. At oral argument, the District argued that it was not precluded from refiling its case, and pointed to the second case that was filed on this issue. However, the second case was filed by the Student, not the District, and seeks recompense for and a continuation of tutoring, counseling, and transportation; this is not a claim regarding the denial of the IEE. Def.'s Req. for Judicial Notice, Ex. D. This second case is not relevant to the issue of the District's denial of the IEE request, which was the basis of the first suit.

The Court finds that the Student has alleged sufficient facts to argue that the District would be precluded from refiling its complaint after waiting seven months, because to do so would constitute "unnecessary delay." Under those circumstances, the voluntary withdrawal would have changed the legal relationship between the parties, and the dismissal would have essentially eliminated the right of the District to further contest the IEE, and thus enabled the finding of a prevailing party. Moreover, the unique procedural posture of the underlying action makes this case anomalous. It does not fit squarely with other precedents, and there are special concerns for students who are forced to defend themselves against due process actions by school districts, but have no leverage to enter into a consent decree.

Accordingly, the Court finds that the Student has alleged sufficient facts to state a claim that he was the prevailing party, notwithstanding that the underlying case was dismissed without prejudice.

///

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 6, 2013

SUSAN ILLSTON
United States District Judge